IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA FOWLER,
Individually, and on behalf of a
group of similarly situated individuals,

    Plaintiff,

               v.                         Civil Action No.

UPMC SHADYSIDE, UPMC d/b/a
UNIVERSITY OF PITTSBURGH MEDICAL CENTER,

    Defendants.

## COMPLAINT

AND NOW, come the Plaintiff, Barbara Fowler, (hereinafter commonly known as 'plaintiff') individually, and on behalf of a group of similarly situated individuals, by and through her attorney, Gregory G. Paul, Esquire of the law office of Robert Peirce & Associates, P.C., and complains against Defendants, UPMC Shadyside, UPMC d/b/a University of Pittsburgh Medical Center, (hereinafter commonly known as 'UPMC') and state as follows:

### Nature of the Action

1. This is an action under the Rehabilitation Act of 1973, 29 U.S.C. 794 et seq. Plaintiffs individually, and on behalf of similarly situated individuals, seek declaratory, injunctive and compensatory relief from defendant, UPMC, for denial of employment and failure to accommodate on the basis of actual, regarded as or record of disability.

### Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant the Rehabilitation Act of 1973, as amended. Plaintiff

did not file with the E.E.O.C. and brings her claims under the Rehabilitation Act of 1973 which does not require exhaustion of any administrative remedies.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This case was originally filed as an Amended Complaint on October 30, 2006 under the case of <u>Valentina Tish, et al. v. Magee Women's Hospital, et al.</u>, Civil Action Number: 2:06-cv-820. Honorable Terrence F. McVerry by Memorandum Opinion and Order dated April 24, 2007 had severed the case.

4. UPMC Shadyside has its corporate headquarters at 5230 Centre Avenue Pittsburgh, Pennsylvania 15232 and performs substantial business within the Pittsburgh area. Therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and venue is appropriate

5. UPMC d/b/a University of Pittsburgh Medical Center has its corporate headquarters at 200 Lothrop St. Pittsburgh, Pennsylvania 15213 and performs substantial business within the Pittsburgh area. Therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and venue is appropriate

**Parties**

6. The plaintiff, Barbara Fowler, is an adult individual, residing at 134 Winslow Street, Pittsburgh, Pennsylvania, 15206. At all relevant times, Ms. Fowler was a qualified individual with a disability, or perceived as such, who possessed the qualifications to perform the essential functions of her job and other positions, with or without an accommodation.

7. The defendant, UPMC Shadyside, is a Pennsylvania corporation with the purpose of operating a hospital. Its corporate headquarters at 5230 Centre Avenue Pittsburgh, Pennsylvania 15232.

8. UPMC d/b/a University of Pittsburgh Medical Center is a Pennsylvania corporation with the purpose of operating and managing a health system of facilities and research centers. UPMC encompasses 19 hospitals and 40, 000 employees and a network of health care facilities that services over 29 counties. Its corporate headquarters at 200 Lothrop St. Pittsburgh, Pennsylvania 15213.

9. The defendants, UPMC, are employers within the meaning of the Rehabilitation Act of 1973 and receive federal financial assistance through funding and/or contracts.

10. The defendants, UPMC, are employers within the meaning of the Rehabilitation Act.

## Allegations of Unlawful Discrimination

11. Plaintiff Barbara Fowler was employed by UPMC housekeeper at UPMC Shadyside.

12. On or about April of 2002, Ms. Fowler sustained an injury and was placed on FMLA leave and short term disability.

13. On or about October or November of 2002 Ms. Fowler was released by her doctor to do sedentary work.

14. On or about November 18, 2002 Ms. Fowler was placed on a light duty clerical position at UPMC Shadyside by UPMC.

15. On or about August 29, 2003, the light duty clerical position that Ms. Fowler was working was eliminated by UPMC.

16. Prior to the elimination of the light duty clerical position that Ms. Fowler worked, she applied for another position, a Telephone Operator Position, and was never contacted by UPMC regarding that position.

17. On or about October 23, 2003 and March 31, 2004 Ms. Fowler contact Ms. Susan Gaber a Senior Human Resources Consultant with the Defendant, UPMC Shadyside, regarding number vacant sedentary jobs.

18. Ms. Fowler was never contacted by UPMC regarding any open positions.

19. Ms. Fowler was terminated on or about September 24, 2003.

20. Ms. Fowler was terminated because she was disabled, regarded by defendants, UPMC, and in particular, defendant, UPMC Shadyside as disabled, and/or had a record of disability within the meaning of the Rehabilitation Act.

21. Ms. Fowler was denied the chance to return to work because of her disability, her record of disability, and/or the fact that defendants, UPMC, regarded her as disabled within the meaning of Rehabilitation Act.

22. Although Ms. Fowler's efforts to engage in the interactive process by providing a return to work certificate from her physician and attempting to transfer or otherwise obtain vacant and funded job positions were sufficient to meet her burden in accordance with the interactive process as set forth in the Rehabilitation Act, UPMC, violated its duty to properly engage in the interactive process.

23. As a result of this conduct, UPMC has caused Ms. Fowler the loss of wages and other job benefits and emotional and other harm.

24. UPMC's treatment of Ms. Fowler was undertaken intentionally and in violation of rights accorded to her under the Rehabilitation Act.

25. UPMC's conduct, as described above, was undertaken with malice or in reckless disregard of Ms. Fowler's rights under the Rehabilitation Act

## (CLASS ALLEGATIONS UNDER AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT)

26. The averments set forth in Paragraph 1 through 25 above are incorporated by reference.

27. This action is brought and may be properly maintained as a class action pursuant to F. R. C. P. 23.

28. This action is brought by plaintiffs on their own behalf and as representative of the proposed class consisting of all persons who have been terminated or separated from employment following a leave of absence and/or otherwise not accommodated by defendant's failure to transfer to vacant and funded positions.

29. The Class is so numerous that joinder of all members is impractical. Although the exact size of the Class is unknown, membership in the Class potentially numbers in the hundreds. Accordingly, the Class is sufficiently numerous that joinder of all members of the Class is impracticable.

30. There are numerous key questions of fact and law which are common to all members of the Class, which predominate over any questions which effect only individual members of the class, including *inter alia*, the following:

    a) Whether defendant's policies, practices or customs related to its disability leave of absence programs fail to consider transfer of its employees to vacant, funded positions;

    b) Whether defendant requires its employees on disability leave to apply for jobs rather than assist them as an accommodation as required under Third Circuit precedent;

    c) Whether the defendant should be enjoined in from further conduct in violation of the aforementioned laws; and

    d) Whether the class members have suffered ascertainable losses.

31. Plaintiff's claims are typical of the claims of the other members of the Class which she seeks to represent.

32. Plaintiff will fairly and adequately protect the interests of the members of the Class and plaintiff has no interests which are adverse to the interests of the class.

33. Plaintiff has retained competent counsel who has substantial experience in the prosecution of employment and class action cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Even if any Class members could afford individual litigation, it would be unduly burdensome to the individual courts. Individual litigation magnifies the delay and expense to all parties. By contrast, the Class Action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale and comprehensive supervision by a single Court. Concentrating this litigation in one forum would promote judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency. The conduct of this action as a Class Action conserves the resources of the parties and the Court system, and protects the rights of each class member and meets all due process requirements as to fairness to the defendant.

35. The defendant has acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

36. WHEREFORE, plaintiffs individually and on behalf of those similarly situated request that this Court grant damages and:

> a) permanently enjoin UPMC, its officers, successors and assigns and all persons in active concert or participation with them from engaging in any employment actions or practices that discriminate on the basis of disability;

b) Order UPMC, its officers, successors and assigns and all persons in active concert or participation with them to institute and carry out policies, practices and procedures which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful discriminatory employment practices;

c) Order UPMC, its officers, successors and assigns and all persons in active concert or participation with them to make whole the plaintiffs by paying appropriate back pay with prejudgment interest and other affirmative relief necessary to eradicate the effects on her of its unlawful employment practices;

d) Order UPMC, its officers, successors and assigns and all persons in active concert or participation with them to pay compensatory damages to plaintiffs for injuries sustained as a result of UPMC'S discriminatory actions;

e) Order UPMC to pay punitive damages to plaintiffs as a result of UPMC'S conduct that was malicious or undertaken with reckless disregard for their civil rights;

f) Order UPMC to pay the costs and reasonable attorney's fees incurred by plaintiffs; and

g) Grant such other relief as the Court deems necessary and proper including reinstatement or front pay.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

/s/ Gregory G. Paul
GREGORY G. PAUL, ESQUIRE
Attorney for Plaintiff
PA ID No.: 83334
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
412-281-7229
412-281-4229 (fax)
gpaul@peircelaw.com

7