IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA FOWLER individually, and on
behalf of a group of similarly situated
individuals,

    Plaintiff,

  v.

UPMC SHADYSIDE, UPMC doing business as
UNIVERSITY OF PITTSBURGH MEDICAL
CENTER,

    Defendant.

07cv0807
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**
**(RE: MOTION TO DISMISS - DOC. NO. 4)**

**A.  General Background**

  Plaintiff, in her individual capacity and on behalf of a claimed group of similarly situated individuals, filed a Complaint against Defendants ("Shadyside Hospital") setting forth a claim of alleged discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 294, *et seq.* ("Rehabilitation Act").  She contends that Defendants unlawfully discriminated against her (in her employment as a housekeeper) because, she allegedly was disabled, was regarded by Defendants as disabled, or had a record of disability with the meaning of the Rehabilitation Act.

  In particular, Plaintiff claims that she sustained an injury in April of 2002 and was placed on leave under the Family Medical Leave Act ("FMLA") followed by short-term disability ("STD"); that in October or November of 2002, she was released by her doctor to perform sedentary work; that in November of 2002, she was provided with a light-duty clerical position at Shadyside; that on or about October 29, 2003, the light-duty clerical position was eliminated; that on September 24, 2003, her employment was terminated; that, prior to the elimination of her

light-duty clerical position, she had applied for another position, but was never contacted by UPMC with regard to that inquiry; and that following her termination, on or about October 23, 2003, and on March 31, 2004, she contacted Shadyside regarding "a number of vacant sedentary jobs", but that she was never contacted regarding any open positions.

### B. Case History

Although the Complaint in this action was filed on June 14, 2007, Plaintiff asserts that her claims in this Court against these Defendants were first asserted on October 25, 2006 by the filing of an Amended Complaint in the action of Tish v. Magee Womens Hospital of the University of Pittsburgh Medical Center, No. 06-cv-820 (W.D. Pa. filed June 21, 2006). Previously, Ms. Tish, attempted to join the action of Bolden v. Magee Womens Hospital of University of Pittsburgh Medical Center, No. 05-cv-1063 (W.D. Pa. filed August 1, 2005). In the Bolden case, the Plaintiff therein filed a motion to amend the complaint seeking leave to add Ms. Tish as an additional named plaintiff, and "to include class action allegations asserting that the defendant has a pattern or practice of failing to transfer employees on disability leave in violation of the Americans with Disabilities Act and the Rehabilitation Act." However, by Order dated June 13, 2006, the Honorable Terrence F. McVerry of this Court denied said Motion and directed that, "The claims of Valentina Tish, as well as the claims of any other potential plaintiffs who allegedly suffered a similar sort of wrong, should be filed as individual cases, and not as a class action."

At a Status Conference held on August 11, 2006, Judge McVerry permitted the Plaintiff in the Bolden case to request again an amendment to the Bolden complaint to add class action allegations. By Order dated October 5, 2006, Judge McVerry again denied the Motion for class

certification. Thus, the Bolden case continued before Judge McVerry as an individual case, and the Tish Complaint thereafter was filed and assigned to Judge McVerry.

On October 25, 2006, after having twice unsuccessfully attempted to assert class action allegations in the Bolden case, Plaintiff's counsel, who also represents the plaintiffs in both the Bolden and Tish cases, without leave of Court, filed an Amended Complaint in Class Action attempting to add individuals identified as Plaintiffs, including Ms. Fowler, the Plaintiff herein, and to add additional defendants.

Judge McVerry determined that the individual plaintiffs' claims were not appropriate subjects for class action status and ordered that claims of each of the newly identified plaintiffs, including Ms. Fowler, Plaintiff herein, be severed from the Tish case and from one another. He then directed that they be refiled as separate, individual causes of action, and said cases were not to be "related cases" for Judge selection purposes.

Before the Court is Shadyside Hospital's Motion to Dismiss (doc. no. 4) under Rule 12(b)(6), seeking dismissal of the Complaint for failure to state a claim upon which relief may be granted.

### C.  Standard for Motion to Dismiss

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. Conley v. Gibson, 355

U.S. 41, 45-46 (1957); Marshall-Silver Construction Co. v. Mendel, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  Budinsky v. Pennsylvania Dept. of Environmental Resources, 819 F.2d 418, 421 (3d Cir. 1987).  As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (quoting D.P. Enter. Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986).

Baraka v. McGreevey, 481 F.3d 187, 195  (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules."  Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (quoting Swierkiewicz v. Sorema, *N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Although Rule 12(b) does not expressly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called "Third Circuit Rule" allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion "if 'the time alleged in the statement of a claim

shows that the cause of action has not been brought within the statute of limitations.'" Zankel v. Temple University, 2007 WL 2359751 (3d Cir. August 20, 2007) (quoting Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir.1975)).

### D. Discussion of Failure to State a Claim - Rule 12(b)(6) - Statute of Limitations

Defendant argues that a two-year statute of limitations applies to Plaintiff's claim under the Rehabilitation Act, and that since she was terminated on September 24, 2003, and the instant action was not commenced until June 14, 2007, her claim is time barred. See DiFrancesco v. Aramark Corp., 2006 U.S. App. LEXIS 5312, * 5-6 (3d Cir. Mar 1, 2006); Haylett v. Bohrer, 2006 U.S. Dist. LEXIS 57463, * 17 (W.D. Pa. Aug. 15, 2006) (citations omitted) (McLaughlin, J.); Zankel v. Temple Univ., 2007 U.S. App. LEXIS 19873 (3d Cir. August 20, 2007). Likewise, defendant argues that plaintiff's allegations that defendant failed to participate in the interactive process in October, 2003, and March, 2004 (post-termination) are untimely and do no toll the statute of limitations. Gloecki v. Giant Eagle, Inc. 176 Fed. Appx. 324, 326, 2006 U.S. App. LEXIS 10257 * 5 (3d Cir. Apr. 20, 2006). Based upon the above cited case law, the Court finds the arguments of defendant to be persuasive and that this case was filed well beyond the two-year statute of limitations. See also Barclay v. Amtrak, 343 F.Supp. 429, 433 (E.D. Pa. 2004)(The Rehabilitation Act is governed by a two-year statute of limitations); Voices for Independence v. Pa. DOT, 2007 U.S. Dist. LEXIS 72834 *11 (W.D. Pa. September 28, 2007)(because Rehabilitation Act does not contain a statute of limitations period, the most appropriate and analogous statute of limitations period is the two year period applicable to personal injury actions

under Pennsylvania law).  This Court also finds that plaintiff's argument that the statue of limitations should be four (4) years, citing Section 1658 of the Title 28, United States Code, relating to "failure to transfer case," unconvincing.  Therefore, the Court will grant the Motion to Dismiss since the case was commenced beyond the applicable statue of limitations, and will dismiss this case with prejudice.

### E.  Discussion of Failure to State a Claim - Rule 12(b)(6) - - Disability

Defendant next argues that "[p]laintiff's only claimed limitation is that she is restricted to 'sedentary' work," and that such sedentary work restriction alone does not constitute a disability under the ADA nor the Rehabilitation Act.  Defendant cites to Marinelli v. City of Erie, 216 F.3d 354 (3d Cir. 2000) and Lucarelli v. Consolidated Rail Corporation, 2002 U.S. Dist. LEXIS 12201 (E.D. Pa. 2002) in support of its position.

In Marinelli, the United States Court of Appeals for the Third Circuit stated that the classification of an employee as being capable of 'sedentary' work identifies only a restriction from a class of jobs and does not constitute a disability in itself.  216 F.3d 354, 364. Furthermore, in Lucarelli, the United States District Court for the Eastern District of Pennsylvania held that testimony from an expert that an individual's was limited to light duty work was not a disability under the Rehabilitation Act. 2002 U.S. Dist. LEXIS 11201 *20.

Based upon the above cited case law, the Court agrees with defendant that plaintiff's restriction to sedentary work is not sufficient to constitute a disability under the ADA and the Rehabilitation Act and will grant the Motion to Dismiss on this additional basis. See Marinelli, citing Broussard v. University of California, 192 F.3d 1252, 1257 (9th Cir. 1999)(sedentary and

light duty jobs are only categories of jobs and evidence of such limitations could not defeat a motion for summary judgment regarding whether plaintiff was limited in the major life activity of working) and <u>Colwell v. Suffolk County Police Dep't</u>, 158 F.3d 635, 644-645 (2d Cir. 1998)(testimony suggesting that a plaintiff could only perform light or sedentary work only shows that individual was disqualified from a "narrow range of jobs," and therefore was insufficient to establish plaintiff was disabled under the ADA).

### F.  <u>Discussion of Class Action Allegations</u>

This Court agrees with Judge McVerry's rulings, as summarized above, that Rehabilitation Act claims (based upon the allegations that an employer failed to accommodate alleged disabilities) are not appropriate for class action litigation since they are quite individual in nature.  See Judge McVerry's Memorandum Opinion and Order, dated April 24, 2007, in Civil Action No. 05-cv-1063 (the <u>Bolden</u> case) (doc. no. 40).  Therefore, the Court will grant Defendant's Motion to Dismiss the class action allegations of Plaintiff herein and dismiss said allegations with prejudice.

Finally, Plaintiff has failed to move in a timely manner for class action determination. Local Rule 23.1(c) requires Plaintiff to move "for a determination . . . as to whether the case is to be maintained as a class action," "[w]ithin 90 days after the filing of the Complaint."  Here, the Complaint was filed on June 14, 2007 and the 90 day period ended over one month ago on September 12, 2007.  In her sur-reply brief, filed on October 17, 2007, plaintiff for the first time seeks leave to file a motion for class certification.  (Doc. No. 23).  Plaintiff, however, has neither addressed the fact that her "motion" is untimely in any of her filings to date, nor has she

addressed the reasons for her untimeliness and why this Court should excuse her delay. To the extent this language in the sur-reply constitutes a motion for leave to file a motion for class certification, said motion is denied.

For the reasons set forth hereinabove, this Court will GRANT defendant's motion to dismiss. An appropriate Order will follow.

                                       s/ Arthur J. Schwab
                                       Arthur J. Schwab
                                       United States District Judge

cc:     All Registered ECF Counsel and Parties